## *Andrew F. Bigelow
## v.
## Village of Kewanee.

1. Discretion of court.—Re-instating cause.—An appellate court will not interfere where the court below has refused a motion to set aside an order of dismissal and re-instate a cause unless there has been a palpable abuse of the court's discretion resulting in substantial injury.

2. Affidavit.—An affidavit in such case which shows negligence on the part of the appellant, and states that there is a full and complete defense to the suit but does not show by facts stated that there is a meritorious defense, is insufficient.

Appeal from the Circuit Court of Henry county; the Hon. A. A. Smith, Judge, presiding. Opinion filed December 4, 1885.

Mr. Chas. K. Ladd, for appellant.

Mr. C. C. Wilson, for appellee.

Baker, J. Appellant was prosecuted before a justice of the peace for a violation of an ordinance of the village of Kewanee, and a fine of $25 was assessed against him. He appealed to the Circuit Court of Henry county, where the case was pending for trial at the special March term, 1885. When the case was called for trial, on the 2d day of April, neither he nor his attorney appeared, and thereupon, on motion of the Village of Kewanee, plaintiff below and appellee here, the appeal was dismissed for want of prosecution, at the cost of appellant, and *procedendo* awarded.

On a subsequent day of the term, a motion was entered to set aside the order of dismissal and re-instate the cause, said motion being based upon affidavits which are preserved in the record.

* William Mellor v. Village of Kewanee involves the same questions as this case and is affirmed for the same reason.

This motion was overruled and an exception taken ; and the case is now here by appeal.

We have carefully examined the affidavits, and are unable to say there was anything improper in the action of the court, either in dismissing the appeal, or in refusing to set aside the order of dismissal. Such matters are largely addressed to the sound judicial discretion of the trial judge ; and the established doctrine is that an appellate court will not interfere unless there has been a palpable abuse of discretion, resulting in a substantial injury.

We think the affidavits presented are insufficient, and show negligence on the part of appellant ; they are also defective in that they do not show by facts stated, that there is a meritorious defense to the suit ; the statement there is a full and complete defense, is the expression of a mere opinion or conclusion. Greenleaf v. Roe, 17 Ill. 474 ; Union H. & L. Co. v. Woodley, 75 Id. 436 ; Constantine v. Wells, 83 Id. 192 ; Hitchcock v. Herzer, 90 Id. 543.

We find no error in the record. The judgment is affirmed.

Affirmed.