## Brewer & Hoffman Brewing Co. v. Mary A. Lonergan, Executrix, etc.

1. AFFIDAVIT—*To State Facts and Not Conclusions of Law.*—An affidavit read upon a motion to set aside a default on the ground that the party defaulted had a meritorious defense to the action, should state the facts relating to such defense and not conclusions of law.

**Motion to Set Aside a Default.**—Appeal from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Heard in this court at the October term, 1895. Affirmed. Opinion filed March 3, 1896.

M. M. JACOBS, attorney for appellant.

It has been the uniform practice of this court and of the Supreme Court, to open an *ex parte* judgment, when to permit it to stand would be unjust and oppressive, if the defendant has shown reasonable diligence to avoid the effects of a default. Union Hide & Leather Co. v. Woodley, 75 Ill. 435.

Where it appears by affidavit that the defendant has a meritorious defense to the merits, it is usual to set aside a default at the term at which it is entered if a reasonable excuse is shown for not having made the defense, and in such case the point of having a meritorious defense is altogether the more important of the two required. Slack v. Casey, 22 Ill. App. 412.

GEO. A. DUPUY, attorney for appellee.

A motion to set aside a default is addressed to the sound, legal discretion of the court, and unless it appears that the discretion has been wrongfully and oppressively exercised, this court, on appeal, will not interfere. Greenleaf v. Roe, 17 Ill. 474; Scales v. Labar, 51 Ill. 232.

But if appellant has been free from negligence, the court is not bound to set aside the default, unless it appears that he has a meritorious defense to the action. Constantine v.

Wells, 83 Ill. 192; Hitchcock v. Herzer, 90 Ill. 543; Slack v. Casey, 22 Ill. App. 412.

An application to set aside a default should show a meritorious defense, and a reasonable excuse for not having made that defense in due time. It is only where it is evident the action of the court below has been unjust and oppressive, and has resulted in a substantial injury to the appellant, that such action will be reversed on review. Greenleaf v. Roe, 17 Ill. 474; Union Hide and Leather Co. v. Woodley, 75 Ill. 436; Constantine v. Wells, 83 Ill. 192.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The abstract does not tell us what this case is about. All that we learn of the pleadings is, "plea of general issue and *ultra vires* of defendant," but in what kind of an action, is undisclosed.

The appellant complains that the appellee tried the cause *ex parte* and took judgment by unfair dealing of the appellee's attorney. The attorney of the appellant put in an affidavit which states "that he is acquainted with all the facts in this cause, and knows that the defendant has a good and meritorious defense to the entire claim of the plaintiff; that the defense is purely one of law, the defendant having filed a plea of *ultra vires*."

Attorneys have been mistaken sometimes as to the validity of such defenses. Northwestern Brewing Company v. Marion, 44 Ill. App. 424.

It is unsafe to swear to the law. Jones v. Randall, Cowper 37.

No facts were set out that the court might determine whether there was a defense. Bigelow v. Village of Kewanee, 17 Ill. App. 631.

The judgment is affirmed.