### Patrick F. Fitzgerald, Appellee, v. William F. Power, Appellant.

### Gen. No. 6,994.

1. JUDGMENT—*refusal to vacate where same judgment proper.* A motion to vacate a judgment is addressed to the equitable powers of the court, and such powers ought never to be exercised where it appears that, on a new trial or hearing, the same judgment would be rendered.

2. JUDGMENT—*proof requisite on motion to vacate.* A motion to vacate a judgment must show the existence of facts sufficient to warrant the court in taking such action in the exercise of its general jurisdiction.

3. JUDGMENT—*showing of defense on merits on motion to vacate.* It is not enough that a motion to vacate a judgment allege mistake or fraud, but it must show that defendant has a good defense on the merits and the facts must be stated directly and specifically.

4. NEW TRIAL—*showing of meritorious defense on motion.* Before a party can obtain a new trial on the ground that his attorney disobeyed his instructions and consented to entry of judgment, it must affirmatively appear that he has a meritorious defense, a statement of a legal conclusion to that effect being insufficient.

5. JUDGMENT—*denial of motion to set aside where meritorious defense not shown.* A motion to vacate a judgment is properly denied if neither the motion nor the supporting affidavit sets out facts from which the court might determine that there is a meritorious defense.

6. COSTS—*right of appellant to complain of apportionment on affirmance.* Where a judgment against an appellant is to stand, he has no right to complain of an apportionment of costs between him and the appellee.

Appeal from the Circuit Court of Whiteside county; the Hon. FRANK D. RAMSAY, Judge, presiding. Heard in this court at the

Fitzgerald v. Power, 225 Ill. App. 118.

October term, 1921.  Affirmed.  Opinion filed April 27, 1922.  Rehearing denied October 3, 1922.

CARL E. SHELDON, for appellant.

HARRY H. WAITE, for appellee.

MR. JUSTICE JONES delivered the opinion of the court.

Patrick F. Fitzgerald instituted a suit for an alleged trespass against William F. Power, appellee, before a justice of the peace.  A trial by a jury resulted in a verdict and judgment in favor of the plaintiff for one cent.  An appeal was taken by Power to the circuit court.  The cause was set for trial in that court on November 12, 1920.  On that day an order was entered reciting the waiver of a jury and a trial by the court by agreement of the parties and also reciting the finding of the issues in favor of the plaintiff and the assessment of damages in his favor and against the defendant for one cent.  Judgment was thereupon entered against the defendant for one cent damages and for two-thirds of the costs.  The remaining one-third of such costs was adjudged against the plaintiff.

Afterwards on November 29, 1920, the appellant filed a motion to vacate the said judgment together with an affidavit in support thereof.  The affidavit was made by the appellant.  It set forth that the appellant was notified of the day and hour fixed for trial; that he appeared in open court at such time with three witnesses and was ready and anxious to proceed with the trial; that the said judgment was entered without his knowledge or consent and contrary to his wishes; that the judgment is informal and insufficient; that he believes he has a meritorious defense; that without his knowledge or consent and contrary to his wishes and intentions his attorney apparently agreed with the attorney for the plaintiff to a disposition of said case;

that the docket entry made by the judge of said court was not made with the consent or approval or at the direction or request of affiant and was contrary to his desires and intentions and that said attorney in per-' mitting such a disposition of the case was acting contrary to the instructions and wishes of affiant. The affidavit also set out a certain agreement between Bridget Connor and Patrick Fitzgerald, presumably for the purpose of exhibiting to the court the nature of the appellant's meritorious defense.

Upon a hearing, the motion to set aside the judgment was overruled by the court and the cause is brought here by appeal.

An inspection of the motion to vacate the judgment, and the affidavit filed in support thereof, fails to disclose what is the appellant's defense and the court from such inspection is unable to tell what it is. The affidavit states that the affiant believes he has a meritorious defense. Such a statement is not sufficient to authorize a court to set aside a judgment. The nature of the defense must be specifically set forth so that the court may see that an injury may have been done to the defendant. Unless it appears to the court that if the defendant had been permitted to interpose a defense the judgment probably would have been in his favor, there would be no occasion for setting aside the judgment. A motion to vacate a judgment is addressed to the equitable powers of the court and such powers ought never to be exercised where it appears that on a new trial or hearing the same judgment would be rendered. A motion to vacate a judgment must show the existence of facts sufficient to warrant the court in taking such action in the exercise of its general jurisdiction, and it is not enough to allege mistake or fraud. It must go further and show that the defendant has a good defense to the action on the merits and the facts must be stated directly not inferentially, specifically and not generally. (*Roberts*

*v. Corby,* 86 Ill. 182; *Brewer & Hoffman Brewing Co. v. Lonergan,* 63 Ill. App. 28; *Eggleston v. Royal Trust Co.,* 205 Ill. 170.)

Undoubtedly appellant had a right to control his own lawsuit and his attorney could not disobey his instructions, but before a party can obtain a new trial upon that ground it must affirmatively appear that he has a meritorious defense. In his affidavit in support of his motion appellant states that he believes he has a meritorious defense but he does not state facts that show a meritorious defense. It is not enough for him to state his legal conclusion that his defense is meritorious. Even attorneys have been sometimes mistaken as to what constitutes a meritorious defense. As was said in *Brewer & Hoffman Brewing Co. v. Lonergan, supra:* "It is sometimes unsafe to swear to the law."

Since neither the motion nor the affidavit in support thereof sets out facts from which the court might determine there is a meritorious defense, the motion was properly denied. In view of what we have said, it is unnecessary for us to discuss the judgment of the trial court in ordering each of the parties to pay a portion of the costs. If the judgment against appellant for damages is to stand, then an apportionment of costs between him and appellee is a matter concerning which appellant has no right to complain since the error, if any, is in his favor. The judgment is, therefore, affirmed.

*Affirmed.*