SHIPLEY *v.* STATE OF INDIANA.

[No. 26,653. Filed June 9, 1936.]

*James A. Collins* and *Jessie Levy,* for appellant.

*Philip Lutz, Jr.,* Attorney-General, and *Henry R. Wilson,* Assistant Attorney-General, for the state.

HUGHES, C. J.—It appears from the record that on the 16th day of September, 1934, an approved affidavit was filed by the prosecuting attorney charging the appellant, defendant below, with rape upon Vernetta

Alltop, a female child under the age of sixteen years of age, to-wit, of the age of fifteen years; that on the 8th day of September appellant was arraigned and plead not guilty and the case was set for trial on October 3, 1934. On said date the trial was had before a jury, and a finding of guilty. Judgment was rendered upon the verdict, and the appellant was sentenced to the Indiana State Prison. The defendant was represented by an attorney at all stages of the proceedings. No motion for a new trial was filed.

On August 26, 1935, the appellant, by his attorney, filed notice for permission to file a petition for a writ of error *coram nobis* on September 13, 1935. Permission was given by the court to file said petition and the same was filed.

The petition is quite lengthy and we will only give the material allegations thereof. It is alleged that the verdict was contrary to law and not sustained by sufficient evidence; that the testimony of the state's witnesses, Mary Alltop, mother of the said Vernetta Alltop, and Vernetta Alltop was false and untrue; that the appellant was confined in the Monroe County jail from August 18, 1934, to October 3, 1934, and had no opportunity of learning any facts or circumstances upon which the prosecution was based; that during the months of February and March, 1934, he was frequently in the company of Mary Alltop and on numerous occasions had had sexual intercourse with her; that he was taken by surprise when he was arrested and charged with rape upon Vernetta Alltop; that the testimony of Mary and Vernetta Alltop was a complete surprise to the appellant and he had no opportunity to refute said testimony except by his denial upon the witness stand.

The appellant further alleges that he was ignorant of his rights and that he can not read or write and did

not know the exact charge against him except as explained by his attorney. That the defendant could not furnish the information necessary for the purpose of filing a motion for a new trial. The appellant, in support of his petition for a writ of error *coram nobis* in order to show that the testimony of the two named witnesses was false, presents twelve or more affidavits of different persons tending to show that if the affiants were telling the truth, the evidence of Mary and Vernetta Alltop could not in all respects be true.

The State filed a demurrer to the petition which was sustained by the court and the appellant has assigned as error that the court erred in sustaining the demurrer to the petition for a writ of error *coram nobis*.

The evidence given by the appellant and Mary and Vernetta Alltop at the original trial is set out in full and it presents a most sordid story. It shows that at different times and places the mother, daughter, and appellant all slept together in one bed with the daughter on one side of the appellant and the mother on the other; that the appellant stated he had had sexual intercourse with Mary Alltop a thousand times, but he denied ever having intercourse with the daughter; the evidence of the appellant further shows that all three of them lived on the river north of Martinsville for several weeks and slept on blankets placed upon hay; the appellant stated that the mother was jealous of her daughter, which indicates that he was paying some attention to the daughter. The evidence further shows at one time they lived in Indianapolis, all three occupying one bed, and in the manner above described.

The daughter, Vernetta Alltop, testified that she and the appellant, in the summer of 1934, hitch-hiked to Wisconsin and were gone for about three months; that during this time he had intercourse with her frequently. The appellant denied this testimony and the statements

of affiants in some of the affidavits filed tended to show that the appellant was in Indianapolis and other places during this time and therefore could not have been in Wisconsin. It is shown, however, in the affidavit of Elizabeth Wilkerson and Clifford Baker that they went to Broadhead, Wisconsin, on August 3, 1934, and brought Vernetta Alltop home, and the fact is established that she was in Wisconsin.

Regardless of whether the appellant went to Wisconsin with her, the main question presented to the jury was whether or not he committed rape upon her on February 1, 1934. The jury heard the evidence upon this charge and found him guilty. Some of the evidence given by the mother and her daughter might seem to us questionable, but the jury heard all the evidence and had the witnesses before them and observed their manner, appearance, and conduct when testifying and they were satisfied that the charge had been sustained. In addition to the life he had lived with these women, the evidence shows that he had been an inmate of the Indiana State Prison, and it also shows that while in jail waiting to be tried on the charge of rape he escaped from the Monroe County jail.

As heretofore stated, he did not file a motion for a new trial and the reason given for failure to do so does not appear to us to be sufficient. He had an attorney representing him, and, as far as the record shows, of his own choice. There is no allegation that the attorney did not perform his duties properly and advise the appellant that he could file a motion for a new trial. The appellant heard the evidence of both the witnesses and at the close of the trial he was fully informed of all the facts.

It is alleged in the affidavit that the act charged was done on the night of February 1, 1934. It was not denied by the appellant that he was at the home of the

said Vernetta Alltop that night. From the manner in which the appellant, the mother, and daughter lived it is easy to believe that he had sexual intercourse with the daughter, and, if so, she being under the age of sixteen years, he would be guilty of rape regardless of whether he used force or not.

Before a writ of error *coram nobis* will be granted it must clearly appear that the petitioner has a valid defense in the facts of the case. *Stephenson* v. *State* (1933), 205 Ind. 141, 186 N. E. 293. In the case of *Wheeler* v. *State* (1902), 158 Ind. 687, 696, 63 N. E. 975, it is said:

> "The rule is that the extraordinary relief afforded by a proceeding in the nature of a writ of *coram nobis* will not be granted in a criminal case after trial and conviction, except where it clearly appears that the petitioner had a valid defense in the facts of the case, but which, without negligence on his part, was not made because of duress, fraud or excusable mistake; or that he was prevented from asserting and enjoying some legal right through duress, or fraud, or excusable mistake, these facts not appearing on the face of the record, and being such as, if known in season, would have prevented the rendition and entry of the judgment in question."

The facts in the instant case do not come within the rule above announced.

In the case of *Stephenson* v. *State, supra,* it is said (p. 196):

> "The writ will reach only matters not cognizable on motion for a new trial, or in arrest of judgment, or an appeal. It represents that justice has been circumvented, and that in effect a fraud has been perpetrated upon the court that entered the judgment."

All the matter set out in the petition could have been presented in a motion for a new trial. This was not

done, and although the petition for a writ of error *coram nobis* partakes of the nature of a motion for a new trial it can not be substituted therefor. There is certainly nothing in the petition to show that a fraud has been perpetrated upon the court.

In the case of *Sanders* v. *State* (1882), 85 Ind. 318, 326, it is said:

> " 'The writ of error *coram nobis* is not intended to authorize any court to review or revise its opinion; but only to enable it to recall some adjudication, made while some fact existed which, if before the court, would have prevented the rendition of the judgment, and which, without any fault or negligence of the party, was not presented to the court.' "

What fact in the instant case can be said to exist which had it been before the court would have prevented the rendition of the judgment? The answer is none. All of the affidavits are for the purpose of impeachment on the grounds of newly discovered evidence and a new trial will never be granted on account of newly discovered evidence, the sole purpose of which is impeachment. *Meurer* v. *State* (1891), 129 Ind. 587, 29 N. E. 392.

The demurrer was properly sustained to the petition.

Judgment affirmed.