Hiram J. Buchanan et al., Appellees, v. Harry H.
Stephens et al.
Appeal of Harry H. Stephens, Appellant.

Gen. No. 40,985.

Heard in the third division of this court for the first district at the October term, 1939.
Opinion filed April 10, 1940.

PHILIP BAIM, of Chicago, for appellant.

HARRY K. WARD, of Chicago, for appellees.

MR. PRESIDING JUSTICE DENIS E. SULLIVAN delivered the opinion of the court.

Defendant Harry H. Stephens brings this appeal from a judgment entered in the superior court in favor of plaintiffs and against Harry H. Stephens and Nelda M. Stephens upon two notes signed by the defendants on November 2, 1923 and November 12, 1925, respec-

tively, the face value of the first note was for $500 and the second note was for $400, each to bear interest at the rate of 6 per cent per annum. Both notes were due on demand. Suit was commenced on December 20, 1938.

The reverse side of the note dated November 2, 1923, contained the following notation: "Recd $30.00 acct on note. Recd payment $50.00 on acct notes Nov. 1st, 1934 by check, Harry H. Stephens."

On the reverse side of the note dated November 12, 1925, appeared the following notation: "Dec. 5, 1935, recd. payment $50.00 on notes, by check, Harry H. Stephens."

In none of the pleadings filed by plaintiffs is there any allegation or claim that the notations made on the notes represent payments which were made by defendant on said notes, and thereby prevented the running of the statute of limitations.

A petition was filed by the defendant which was stricken by the court and two subsequent amended petitions, containing substantially the same allegations, were stricken by the court. The final order of the court dated June 9, 1939, denied the third amended petition and it is from such order that this appeal is taken.

In his amended petition filed March 1, 1939, Harry H. Stephens alleges in substance that on December 22, 1938, a judgment by confession was entered against him in the superior court for $1,515.20; that an execution had been served upon him on January 7, 1939, which was the first notice petitioner had that the aforesaid judgment had been entered against him; that this petition is not made for the purpose of delay and that petitioner has been diligent in filing his petition and comes into court without laches and has a good and meritorious defense.

Said amended petition further alleges that the two notes, payable on demand, which are the subject of the suit, were executed and are dated November 2, 1923

and November 12, 1925, respectively, and that no payment has been made by petitioner on account of said notes, from the date of the execution thereof, nor has petitioner given or made any new promises or undertakings since the execution of said notes to pay same; denies that he paid $30 or any other amount on the aforesaid note dated November 2, 1923, and avers that any indorsement appearing on said notes was placed there without his knowledge and consent and that no payment was made by petitioner on said note or otherwise, and that said alleged indorsement was made without any consideration.

Said amended petition further denies that the petitioner paid the sum of $50 or any other amount on account of the aforesaid notes on November 1, 1935, or on any other date by check or otherwise and petitioner avers that any indorsement appearing on said note, dated November 12, 1925, was placed there without his knowledge and consent and that no payment was made by petitioner on the said notes or otherwise, and that said alleged indorsement was made without any consideration; that the cause of action did not accrue to plaintiff, at any time, within 10 years next, before the commencement of this action, and that plaintiffs' said action is barred by the statute of limitations. Petitioner prays that the court set aside and vacate the judgment heretofore entered against him and stay the execution and that petitioner be allowed to file his appearance and that the said petition stand as an answer to the complaint.

From a review of these pleadings, it is quite apparent that if the defense had been permitted to offer and proved the allegations of his petition, that the statute of limitations would be a defense to the claim of the plaintiffs. While judgments should not be permitted to be vacated and easily set aside, without a showing of a meritorious defense, this being largely discretionary with the court, yet when such meritorious

defense appears from the pleadings, and no fault appearing on the part of defendant, it is the duty of the court to give a defendant an opportunity to have his day in court. We think in this case that justice would be more nearly served if defendant had been given an opportunity to be heard. We believe that the court should have so ruled and his failure to do so was error.

For the reasons herein given the order of the superior court is reversed and the cause is remanded with directions to open said judgment to the extent of permitting the defendant to enter his appearance, file proper pleadings and the evidence to be presented and the cause tried on the issues presented by the plaintiffs and defendant, the present judgment to stand as security until the final determination of the suit.

*Order reversed and cause remanded with directions.*

HEBEL, J., concurs.

BURKE, J., dissenting: Rule 26 of the Supreme Court provides that a motion to open a judgment by confession shall be supported by affidavit in the manner provided by rule 15 for summary judgments. Under the provisions of rule 15 it was incumbent upon appellant to support his motion to open the judgment by a verified petition or affidavit made on his personal knowledge, and that the petition set forth with particularity the facts upon which his defense is based; which petition shall not consist of conclusions but of such facts as shall be admissible in evidence, and shall affirmatively show that the affiant if sworn as a witness, can testify competently thereto. If all the facts to be shown are not within the personal knowledge of the petitioner, two or more affidavits may be used. The petitioner in the instant case avers that "at no time since the execution of said note has he made any payments or given any moneys to the said plaintiff, without the specific direction as to the application of said moneys, and denies that any said funds or moneys so given to plaintiff were to apply upon said note." This aver-

ment is equivalent to saying that he did make payments or give moneys to the plaintiff but without specific direction as to the application of the moneys. The further denial that any funds or moneys so given to the plaintiff were to apply upon the note, is a mere conclusion. In his briefs the defendant states that it is his intention that the petition be considered as one to open up the judgment with leave to plead and defend. Hence, he concedes that on the face of the record the court had a right to enter the judgment. The only basis for his appeal is that the court committed error in declining to open up the judgment. As his motion is one to open up the judgment, rather than to vacate the judgment, the sufficiency of the complaint is not questioned. It will be observed that attached to the complaint as an exhibit are the notes sued upon. The reverse side of the notes bear indorsements of payments on account thereof by check of Harry H. Stephens, the defendant. In the ordinary course of business, the canceled check, after clearing through the bank, would be returned to the defendant. The petition does deny that the defendant made the indorsements on the reverse side of the note, and also denies that he at any time made a payment which he directed to be applied on the note. However, if there were no other transactions between the parties and he did not owe anything to the plaintiff other than the debt represented by the notes sued on, it logically follows that the payment made could only apply on the notes. A judgment by confession should not be opened up unless the defendant shows that he has a defense in accordance with the provisions of rules 26 and 15. The trial court gave him four opportunities to set out the facts. All he did was to state conclusions. It would be a simple matter for the defendant, if he had a defense, to set out the ultimate facts, showing, if he could, what payments he made and when, and what amounts were owing from the defendant to plaintiff at the time

of such payments. Under sec. 17, ch. 83, Ill. Rev. Stat. 1939 (section 16, Limitations Act [Jones Ill. Stats. Ann. 107.276]) actions on promissory notes shall be commenced within 10 years after the cause of action accrues, but if any payment on any note is made within or after the period of 10 years, then an action may be commenced at any time within 10 years after the time of such payment. The defendant herein denies that he indorsed the notation of payment on the reverse side of the note. The complaint does not purport to aver that the indorsement as to payment was made by defendant. Under the statute it is not necessary that the indorsement of payment shall be made by the defendant. All that is necessary is that payment be made on the note. There must be an actual affirmative intention on the part of the debtor to make payment on the note. However, if at the time of payment there was no other debt owing by defendant to plaintiff on which the payment could be applied, it would be quite clear that it was intended to be applied on the note. The defendant did not comply with the provisions of rules 26 and 15 and the superior court of Cook county was right in refusing to grant him leave to defend, allowing the judgment to stand as security. He is entitled to a trial when there is an issue to be tried.