## UNITED STATES v. MOORE.
### No. 9475.

Circuit Court of Appeals, Seventh Circuit.

Feb. 27, 1948.

Lloyd Middleton, of East St. Louis, Ill., for appellant.

William W. Hart, U. S. Atty., and Ernest R. McHale, Asst. U. S. Atty., both of East St. Louis, Ill., and Ray M. Foreman, Asst. U. S. Atty., of Danville, Ill., for appellee.

Before MAJOR and MINTON, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge.

The defendant, John Moore, alias Robert McGhee, was indicted in the District Court, May 10, 1928, for violation of the Dyer Act, 18 U.S.C.A. § 408. On May 22, 1928, upon arraignment, he entered a plea of guilty and was sentenced to the penitentiary for a term of two years. That sentence has been served and the defendant discharged from custody many years ago.

In 1946, he filed in the District Court, a petition to vacate and set aside the judgment of conviction, averring that he had been convicted in 1938 as a second felony offender in the state of New York; that he was then serving a sentence of twenty years, imposed upon him in pursuance of said conviction; and that the purpose of his petition was to vacate the judgment rendered in 1928. Obviously, he sought to vacate the judgment in the hope that its eradication might effectuate a curtailment of his term of imprisonment in New York as a second offender.

He alleged that, at the time of his original conviction, he was eighteen years of age, without funds, uninformed that he was entitled to assistance of counsel, and did not waive counsel. His petition does not aver that he had received a longer term for his offense in New York than he might have received without a prior record of conviction, that he had experienced no prior convictions other than the one in 1928, that he had served the minimum sentence in New York which might have been

imposed without a prior record of conviction, or whether, in that prosecution, he pleaded guilty or was convicted on trial or was represented by counsel. Nor did defendant tender any showing as to when he became aware of his right to counsel or any excuse for his delay of over eighteen years in attempting to set aside the original conviction. More serious is the absence of averment that he is not guilty or that he has any defense to the judgment against him, or that, if it were vacated and a new trial awarded, any judgment other than the one entered would be justified.

The District Court, having appointed competent, industrious counsel, who appeared for defendant in the District Court and in this court, after hearing, allowed the Government's motion to strike the petition. This appeal followed.

Disregarding, for the purpose of disposition of the issues here involved, any question of whether a motion in the nature of a writ of coram nobis is proper in criminal cases, in view of the decision in United States v. Meyer, 235 U.S. 55, 35 S.Ct. 16, 59 L.Ed. 129, and assuming, for the same purpose, that a motion to vacate serving the same purpose as a writ of coram nobis, is proper in federal criminal cases, Holiday v. Johnston, 313 U.S. 342, 61 S.Ct. 1015, 85 L.Ed. 1392; United States ex rel. Quinn v. Hunter, 7 Cir., 162 F.2d 644; U. S. v. Steese, 144 F.2d 439; Roberts v. U. S., 4 Cir., 158 F.2d 150; Robinson v. Johnston, 9 Cir., 118 F.2d 998; cf. Gilmore v. U. S., 8 Cir., 131 F.2d 873, certiorari denied, 316 U. S. 661, 62 S.Ct. 941, 86 L.Ed 1738, we pass to disposition of the issues arising on these assumptions.

■ We take it that there can be no question but that when it is sought to set aside or vacate a judgment, whether by complaint in equity or by way of coram nobis or its modern equivalent, a motion to vacate, such as we have before us, no relief can be granted unless it appears that a retrial will result in a judgment different from the one sought to be vacated and that, in the absence of such a showing, the judgment will not be set aside. The reason for this rule is that if defendant has no valid defense, so that a second trial must

result in an identical judgment, then no actual injury has occurred and it would be a vain and idle thing to set aside the judgment already entered. As a corollary, it is not sufficient to aver merely, in general terms, that defendant has a good and meritorious defense but the nature of that defense, the facts constituting it, must be set forth in such detail as to enable the court to determine whether it is meritorious and sufficient. Such was the decision of this court in Glinski v. U. S., 7 Cir., 93 F.2d 418, and in the earlier case of Mass. Benefit Life Insurance v. Lohmiller, 7 Cir., 74 F. 23, in each of which various Illinois cases were cited. To them might be added Fitzgerald v. Powers, 225 Ill.App. 118; Emcee Corp. v. George, 293 Ill.App. 240, 12 N.E. 2d 333; Buchanan v. Stephens, 304 Ill.App. 477, 26 N.E.2d 733; 118 A.L.R. 1498, and Braun v. Quinn, 112 Neb. 485, 199 N.W. 828, 39 A.L.R. 411, 414.

■ That the rule applies, irrespective of the manner in which the judgment is attacked, and that it abides in applications for writs of coram nobis, or motions to vacate judgments, is apparent from the language of 24 C.J.S., Criminal Law, § 1606, and cases there cited. This follows from the historical fact that such a writ at common law was employed in order to bring before the court a judgment previously rendered by it for the purpose of review on account of some error in fact affecting the validity and regularity of the proceedings. 24 C.J.S., Criminal Law, § 1606, and cases there cited. In Shipley v. State, 210 Ind. 253, 2 N.E.2d 389, the court said that before a writ of coram nobis will be granted, it must be clearly apparent that the petitioner has a valid defense in the facts of the case and that the writ will not issue unless it clearly appears that the petitioner has a valid defense. Also see Stephenson v. State, 205 Ind. 141, 179 N.E. 633 and Wheeler v. State, 158 Ind. 687, 63 N.E. 975.

■ Inasmuch as petitioner makes no averment that he is innocent, or that he has any defense of any character to the charge to which he has previously pleaded guilty, he has not made out a case for relief. He does not claim that if he had been permitted to interpose a defense, with prop-

er representation of counsel, the judgment could have been any other than what it was. He denies in no way the charge upon which he was convicted and makes no suggestions of any defense in whole or in part.

Furthermore, we agree with the District Court that the petitioner has too long slept upon his rights. In the absence of an applicable statute expressly providing limitation, apparently there is no limitation of time within which a writ of error coram nobis lies or within which a motion to vacate may be filed, except that an applicant must show reasonable diligence in presenting his claim. In People v. Lumbley, 8 Cal. 2d 752, 68 P.2d 354, a delay of six years and eight months after conviction was held unreasonable; in People v. Vernon, 9 Cal. App.2d 138, 49 P.2d 326, a delay of four and a half years; in U. S. v. Wright, D.C., 56 F.Supp. 489, a delay of fourteen years. See also U. S. v. Hunter, 7 Cir., 162 F.2d 644.

The reasons which support the rule requiring diligence seem obvious. The Government must assert its cause of action against the defendant within a limited time; and, after judgment, especially upon a plea of guilty, it may naturally assume that the transaction is closed and rely upon finality of the judgment. Consequently, there is no reason for longer preserving evidence and maintaining contact with witnesses. Law enforcement officials change, witnesses die, memories grow dim. The prosecuting tribunal is put to a disadvantage if an unexpected retrial should be necessary after long passage of time. Of course, these considerations should not work to the disadvantage of a defendant who acts promptly, but if, after knowledge of the facts relied upon, he willfully delays the assertion of his rights to the disadvantage of the Government, the result may often be not the granting a new trial to a defendant but the practical denial of any support for the Government to prosecute its action. All limitations upon the assertion of rights and the granting of remedies are based upon sound public policy, reasons for which need no further elaboration but apply to and are the basis for the requirements of diligence. See cases above cited. Bugg v. U. S., 8 Cir., 140 F.2d 848, certiorari denied, 323 U. S. 673, 65 S.Ct. 89, 89 L.Ed. 547; Spaulding v. U. S., 6 Cir., 155 F.2d 919; U. S. v. Spain, D.C., 32 F.Supp. 28; Nolan v. U. S., 8 Cir., 163 F.2d 768. Hence, as provided in the Rules of Procedure, Rule 60, 28 U.S.C.A. following section 723c, such motion must be made within a reasonable time. We conclude that under the facts and circumstances presented here defendant has so long delayed his application as to bar relief.

A short and final answer to the petition is found in Gayes v. New York, 332 U.S. 145, 67 S.Ct. 1711, 1713. There, upon a plea of guilty in a criminal prosecution in a New York state court, petitioner had been sentenced as a second offender, the length of his sentence being based partly on a previous conviction in a court of the state. While serving the second sentence, petitioner applied to the court which had imposed the earlier sentence for vacation of judgment originally rendered against him, on the ground that it was voidable because of the denial of his right to counsel under the Constitution. The trial court denied petitioner's motion and, there being no review provided in New York, the Supreme Court took jurisdiction and affirmed the decision of the lower court, saying: "Upon his subsequent sentence, as a second offender, in 1941, he had full opportunity, so far as appears, to contest whatever infirmity he may have claimed in the earlier sentence when the fact of that sentence was included in the sentence which he is now serving. Since the process leading up to the second sentence is not challenged he cannot now, so far as the United States Constitution is concerned, by flank attack, challenge the sentence of 1938." In a footnote the Court said: "It is certainly within the power of a duly advised defendant, before pleading guilty as a second offender, to raise the constitutional invalidity of the first sentence so as to secure opportunity appropriately to challenge such invalidity. Nothing that is herein decided precludes petitioner from raising a denial of his constitutional right upon a record that discloses circumstances other than

those before us." The entire opinion applies to the case at bar.

The judgment is affirmed.