## UNITED STATES v. MORRIS.

### Criminal No. 50669.

United States District Court
District of Columbia.
May 6, 1949.

---

[1] 5 U.S.C.A. § 1001 et seq.

George Morris Fay, U. S. Atty., and Richard M. Roberts, Asst. U. S. Atty., both of Washington, D. C., for the United States.

Defendant filed motion in proper person.

KEECH, District Judge.

This matter is before the Court on what the petitioner characterizes as a "Petition for, Writ of Error, Coram Nobis," which the court is treating as a motion under 28 U.S.C.A. 2255. The petitioner is now serving a sentence of from fifteen years to life in the State of New York as a fourth felony offender.

The petition and papers attached thereto show that on April 7, 1931, the petitioner pleaded guilty to grand larceny in this Court (formerly the Supreme Court of the District of Columbia) and on April 18, 1931, was sentenced to serve one year; that subsequently, under various aliases, he was convicted in Pennsylvania on or about May 25, 1933, of robbery, in Virginia on or about July 8, 1936, of larceny of an automobile, and finally in New York on April 23, 1942, of robbery in the third degree, the sentence for which he is now serving.

The petitioner now seeks to have this Court vacate the 1931 judgment convicting him of grand larceny, on the ground that he was not accorded counsel nor adequately advised of his right to counsel.

The records disclose that petitioner, defendant in this Court, pleaded before and was sentenced by Justice Peyton Gordon, who is now deceased, but do not show who was the Assistant United States Attorney who handled the case. The brief docket and minute entries of the Court have been examined, but they fail to disclose whether the defendant was advised of his right to counsel or whether he waived counsel, stating merely that the defendant appeared "in proper person" at both arraignment, when he pleaded guilty, and at the time of sentence, and that before sentence was imposed it was "demanded of the defendant what further he had to say why the sentence of the law should not be pronounced against him, and he said nothing except as he had already said."

There is no allegation or contention by the petitioner that he was not guilty of the offense. The defendant not only pleaded guilty, but the pre-sentence report shows that the defendant, at that time 22 years of age, clearly admitted the offense when interviewed by the Probation Officer.

The petitioner long ago completed service of the sentence imposed by this Court.

The motion to vacate is denied on authority of: United States v. Moore, 7 Cir., 166 F.2d 102, certiorari denied, Moore v. United States, 334 U.S. 849, 68 S.Ct. 1500, 92 L.Ed. 1772; United States v. Rockower, 2 Cir., 171 F.2d 423; and Gayes v. New York, 332 U.S. 145, 67 S.Ct. 1711, 91 L.Ed. 1962.