Carl Harvey **BISTRAM**, Appellant,

v.

**UNITED STATES** of America, Appellee.

Carl Harvey **BISTRAM**, Appellant,

v.

**UNITED STATES** of America, Appellee.

Nos. 15594, 15595.

United States Court of Appeals Eighth Circuit.

Oct. 18, 1956.

Carl Harvey Bistram, pro se.

Robert Vogel, U. S. Atty., Fargo, N. D., on the brief for appellee in Case No. 15,594, and on Petition to Remand in Case No. 15,595.

Before GARDNER, Chief Judge, and WOODROUGH and VAN OOSTERHOUT, Circuit Judges.

GARDNER, Chief Judge.

Appellant, with two others, was charged by indictment with the commission of the crime of kidnapping as defined by Section 1201(a), Title 18, U.S.C. The indictment so far as here material reads as follows:

"That on or about the 6th day of June, 1949, one Arthur Earl Bistram, one Carl Harvey Bistram and one Allen Chester Hartman, hereinafter designated as the defendants, knowingly transported in interstate commerce from Mandan, State and District of North Dakota, to the vicinity of Laurel, State and District of Nebraska, one Ralph Alex Senn who had theretofore been unlawfully seized, abducted and kidnaped, carried away and held by said defendants for the purpose of aiding said defendants to escape arrest."

Each of the defendants was represented by his own counsel and each entered a plea of guilty. On October 28, 1949, pursuant to his plea of guilty appellant was sentenced to thirty years imprisonment. The record discloses that the vic-

tim of the kidnapping charge was a Mandan, North Dakota policeman and that in connection with the kidnapping of the policeman his automobile was stolen and that he was transported in successive stolen automobiles from Mandan, North Dakota to the vicinity of Laurel, Nebraska and the named defendants were, in addition to being charged with kidnapping, indicted for violation of the Dyer Act, 18 U.S.C. §§ 10, 2311–2313, to which charge each of the defendants entered a plea of guilty. Sentences imposed on pleas of guilty to violations of the Dyer Act were made to run concurrently with the sentences imposed under the indictment charging kidnapping in the instant case and are not here involved.

On February 20, 1956, appellant filed a motion to vacate and set aside the judgment on the ground that the sentencing court lacked jurisdiction in that the indictment failed to charge that the appellant did not come within the exception clause set out in paragraph (a), Section 1201, Title 18, U.S.C., viz. "except, in the case of a minor, by a parent thereof". The motion was overruled and appellant has appealed from the order overruling his motion and this is the subject of appeal numbered 15,594. He seeks reversal on substantially the following ground: An indictment charging violation of Title 18 U.S.C., Section 1201(a) which fails to negative the exception in the statute which excludes a parent from operation of the statute is so defective as to require a conviction under the indictment to be vacated on motion pursuant to Title 28 U.S.C. § 2255.

Section 1201(a), Title 18, U.S.C., under which the indictment in the instant case was drawn provides as follows:

"Whoever knowingly transports in interstate or foreign commerce, any person who has been unlawfully seized, confined, inveigled, decoyed, kidnaped, abducted, or carried away and held for ransom or reward or otherwise, except, in the case of a minor, by a parent thereof, shall be punished (1) by death if the kid-

naped person has not been liberated unharmed, and if the verdict of the jury shall so recommend, or (2) by imprisonment for any term of years or for life, if the death penalty is not imposed."

■ It is contended that the omission from the indictment of the words, "except, in the case of a minor, by a parent thereof," rendered the indictment fatally defective. If the words constituting the exception were omitted from the statute the crime of kidnapping would still be fully defined. The court had jurisdiction of the crime, the elements of which were fully defined, and it also had jurisdiction of the appellant. The generally accepted rule is that the exception need not be negatived unless it is an essential element in the statutory definition of the crime. McKelvey v. United States, 260 U.S. 353, 43 S.Ct. 132, 67 L.Ed. 301; Seele v. United States, 8 Cir., 133 F.2d 1015; Miller v. United States, 8 Cir., 123 F.2d 715; Knight v. Hudspeth, 10 Cir., 112 F.2d 137; Nicoli v. Briggs, 10 Cir., 83 F.2d 375; Rase v. United States, 6 Cir., 129 F.2d 204. In Seele v. United States, supra, we said [133 F.2d 1019]:

"It is now the settled rule, as declared by the Supreme Court of the United States, 'that an indictment or other pleading founded on a general provision defining the elements of an offense, or of a right conferred, need not negative the matter of an exception made by a proviso or other distinct clause, whether in the same section or elsewhere, and that it is incumbent on one who relies on such an exception to set it up and establish it.'"

■■ It is to be noted that the appellant does not in his motion or otherwise claim that the person kidnapped was his minor child. In the absence of such a claim the argument becomes purely academic. United States v. Moore, 7 Cir., 166 F.2d 102; United States v. Bremer, 9 Cir., 207 F.2d 247, 250. In United States v. Bremer, supra, the applicable rule is thus stated:

"Plainly the burden rested on the petitioner of showing or offering to show that a defense of this nature was available if in fact it was claimed to exist. In United States v. Moore, 166 F.2d 102, at page 104, the Seventh Circuit observed; 'We take it that there can be no question but that when it is sought to set aside or vacate a judgment, whether by complaint in equity or by way of coram nobis or its modern equivalent, a motion to vacate, such as we have before us, no relief can be granted unless it appears that a retrial will result in a judgment different from the one sought to be vacated and that, in the absence of such a showing, the judgment will not be set aside. The reason for this rule is that if defendant has no valid defense, so that a second trial must result in an identical judgment, then no actual injury has occurred and it would be a vain and idle thing to set aside the judgment already entered.'"

■ We are of the view that the contentions of the appellant are wholly without merit and the order involved in appeal numbered 15,594 is therefore affirmed.

Following the denial of his first motion and on April 4, 1956, appellant interposed a second motion to vacate and set aside the judgment. In this motion he averred: (1) that his plea of guilty in this cause was coerced and obtained by threats and promises, (2) that he was deprived of effective assistance of counsel in this cause and (3) that he is innocent of the alleged crime. The court, without affording appellant a hearing and without the introduction of any testimony either in support of or in opposition to the averments contained in his motion, denied the motion. The order denying the motion contains recitals that:

" * * * On March 19, 1956, this Court having filed its Memorandum and Order denying a prior Motion to Vacate Sentence made by the said Carl Harvey Bistram filed on February 20, 1956, because the motion and the files and records in the matter conclusively showed that Carl Harvey Bistram was entitled to no relief as a matter of law, and the Court being of the opinion that the instant motion should be denied under Paragraph 5 of 28 U.S.C.A., Section 2255, upon the ground that it is a second or successive motion for similar relief on behalf of the said Carl Harvey Bistram, now, therefore,

"IT IS ORDERED That the Motion to Vacate Sentence filed by the said Carl Harvey Bistram on April 6, 1956, be, and the same hereby is, in all things denied."

■ The prior motion did not purport to raise the questions as to the alleged coercion of appellant by threats and promises nor that appellant was deprived of effective assistance of counsel nor any other question of fact. It raised only questions of law. To be sure, the relief sought by both motions was the same but the grounds upon which such relief was sought were different. With commendable frankness counsel for the government in effect confesses error, basing his conclusion largely on a recent decision of the Tenth Circuit in Barrett v. Hunter, 10 Cir., 180 F.2d 510, 515, 20 A.L.R.2d 965. In that case the court, among other things, said:

" * * * If the second or successive motion sets up new or dissimilar grounds for relief which are within the purview of the grounds enumerated in the third paragraph of § 2255, and the motion and the records and files in the case do not conclusively show that the prisoner is entitled to no relief, the court should ordinarily entertain such second or successive motion. So construed, the provision conforms with the rule in habeas corpus with respect to successive applications for the writ, laid down by the Supreme Court in Salinger v. Loisel, 265 U.S. 224, 230, 232, 44 S.Ct. 519, 521, 68 L.Ed. 989 * * *."

The order appealed from in case numbered 15,595 is therefore reversed and the cause remanded to the trial court with directions for further proceedings not inconsistent with this opinion.