1234

**Louis Joseph MILETO, Petitioner,**

v.

**UNITED STATES of America,
Respondent.**

**No. 69 C 631.**

United States District Court
E. D. New York.

June 24, 1969.

---

## MEMORANDUM AND ORDER

BRUCHHAUSEN, District Judge.

The petitioner by notice of motion, dated June 5, 1969, returnable June 24, 1969, and papers attached thereto, seeks an order, vacating the judgment of his conviction, dated June 6, 1968, pursuant to 28 U.S.C. § 2255.

In substance, the petitioner's grounds for relief are as follows:

a. His plea of guilty was not voluntary nor was it made with understanding of the nature of the charge;

b. The plea was tendered under the belief that evidence, obtained by an illegal search and seizure would be introduced at his trial and that the Government would not oppose his application to be paroled to Nassau County, if, and only if the petitioner pleaded guilty;

c. The Court failed to determine that there was a factual basis for the plea, as required by Rule 11 of the Federal Rules of Criminal Procedure.

## PROCEEDINGS PRIOR TO THE PRESENT MOTION

On March 20, 1968, a one-count indictment was filed, charging that the petitioner possessed a Selective Service Registration Certificate, not issued to him but to one Salvatore Borriello, with the intent that it be used for the purposes of false identification and representation in violation of Title 50 U.S.C. App. § 462(b).

On March 25, 1958, the petitioner appeared in this court with his attorney, Michael C. Pollina, Esq. The latter executed and filed a written notice of his retainer, whereupon the case was adjourned to April 25, 1968.

On April 25, 1968, the petitioner, accompanied by his said attorney, again appeared in court and offered to plead guilty to the indictment.

The indictment was read to him. He was questioned and answered the questions. The minutes of the hearing, a copy whereof is annexed to the motion papers, further disclose, in substance, that the petitioner admitted that no threats or promises were made to him to induce him to so plead, further that the plea was made voluntarily on his part and that he understood that the Court could impose a maximum sentence of up to five years and a $10,000 fine. At this point, the following colloquy ensued, viz:

"MR. GRUNEWALD (Asst. U.S. Attorney): The defendant is presently being held in lieu of bail and I believe counsel has an application.

"MR. POLLINA: There is an application to parole this defendant and I have discussed my application with Mr. Grunewald and explained to him that there are presently several detainers against this defendant which I hope to dispose of pursuant to his being paroled here.

I have tried in vain to get various other jurisdictions to swear out writs but they have not been cooperative, particularly Nassau County. In the event that he is paroled by your Honor, the detainer that Nassau County has filed will be lodged and he will be sent to Nassau County and I hope to dispose of that case.

"MR. GRUNEWALD: The Government would be amenable and I ask that he be paroled to the other jurisdictions.

"THE COURT: All right. Application granted."

On June 6, 1968, the petitioner, again accompanied by his said attorney, appeared before Chief Judge Zavatt for sentencing.

The minutes of the hearing, a copy whereof is also annexed to the motion papers, in substance, disclose as follows:

The petitioner's admissions that he purchased a driver's license and a Selective Service Card, both bearing the name of Salvatore Borriello, to enable him to drive a car; that due to pending criminal charges against him he could not obtain a driver's license in his own name; that between the ages of 12 and 16, the petitioner had six delinquency charges against him and was placed on probation; that he was later sentenced to three years for grand larceny; that thereafter he was sentenced to 2½ to 5 years on a charge of stealing property; that he was sentenced to a similar term for burglary, to run concurrently and that he was sentenced on a number of other charges, detailed in the said minutes. Thereupon, Chief Judge Zavatt, imposed a sentence of four years under 18 U.S.C. § 4208(a) (2). At this point, petitioner stated that he had been away in prison for eight years.

By letter to Chief Judge Zavatt, dated September 15, 1968, petitioner sought a reduction of the said sentence.

On September 26, 1968, the said application was denied.

By letter to Chief Judge Zavatt, dated May 5, 1969 petitioner reiterated his application for reduction of sentence.

On May 15, 1969, the latter application was denied.

At no time, prior to the making of the present motion, had the petitioner disputed the legality of the judgment of his conviction. The thrust of his statements were that he realized that he had on numerous occasions committed offenses, that he had rehabilitated himself and desired to work and support his family.

Not only did he fail to deny his guilt, culminating in the judgment of conviction, dated June 6, 1968, but he confessed his guilt in his aforesaid letter to Chief Judge Zavatt, dated September 15, 1968. Extracts therefrom are hereinafter quoted, viz:

"My name is Louis Mileto. I was sentenced by you on 6/6/68 to a term of four years for possession of a draft card that did not belong to me.

\*    \*    \*    \*    \*    \*

"Your Honor, I have been in trouble with the law ever since I was 12 yrs. old. \* \* \* I still realize that I have broken the law. Since the age of 16 yrs. old I have spent 8 yrs. in prison on and off. I am now 30 yrs. old.

\*    \*    \*    \*    \*    \*

"What I am saying is completely the truth your Honor even though it's probably the first time that I have been truthful with anyone. \* \* \* When the F.B.I. arrested me they thought I was actually this fellow Sal Barriello, because I had his identification. I never knew this fellow was wanted by the F.B.I. otherwise I wouldn't have ever insisted that I was him. But after fingerprinting me the agents realized that I wasn't him and wanted to know who I really was and how come I had his identification. I lied to them and to Mr. Grunewald because I was afraid of really being found out who I was and told them I was somebody else. The F.B.I. agents

later on told me that I made Mr. Grunewald mad because I lied to him about my real identity and that is why he prosecuted me for the draft card. I realize I did wrong.

\* \* \* \* \* \*

"I admit I'm guilty for having a draft card that wasn't mine."

In United States v. Moore, 7 Cir., 166 F.2d 102, cert. denied, 334 U.S. 849, 68 S.Ct. 1500, 92 L.Ed. 1772, the defendant, as did the petitioner in the case at bar, pleaded guilty, and thereafter moved to set aside his judgment of conviction for alleged illegalities.

In that case, the said Circuit Court stated:

"We take it that there can be no question but that when it is sought to set aside or vacate a judgment, whether by complaint in equity or by way of coram nobis or its modern equivalent, a motion to vacate, such as we have before us, no relief can be granted unless it appears that a retrial will result in a judgment different from the one sought to be vacated and that, in the absence of such a showing, the judgment will not be set aside. The reason for this rule is that if defendant has no valid defense, so that a second trial must result in an identical judgment, then no actual injury has occurred and it would be a vain and idle thing to set aside the judgment already entered. As a corollary, it is not sufficient to aver merely, in general terms, that defendant has a good and meritorious defense but the nature of that defense, the facts constituting it, must be set forth in such detail as to enable the court to determine whether it is meritorious and sufficient."

The Moore case was cited with approval in United States v. Rockower, 2 Cir., 171 F.2d 423, cert. denied 337 U.S. 931, 69 S.Ct. 1484, 93 L.Ed. 1738.

In essence it was ruled in the Moore case that a petition to vacate a judgment of conviction under 28 U.S.C. § 2255 must be dismissed by the District Court unless the applicant therein sets forth, viz:

The nature of his defense to the indictment and the facts, constituting it, in such detail as to enable the District Court to determine whether his defense is meritorious and sufficient and that the reason therefor is that if the applicant has no valid defense on a second trial, then no actual injury has been sustained by him and he could not succeed therein.

Not only does the petitioner fail to allege the nature of his defense, in detail, or otherwise, but, as previously related, he admitted his guilt.

It is clear that the petitioner's motion lacks support. Accordingly, it is denied. It is so ordered.

Copies hereof are this day being forwarded to the United States Attorney and to the petitioner.