## UNITED STATES v. BICE.
### Cr. No. 7732.

United States District Court
D. Maryland. Criminal Division.
May 10, 1949.

Bernard J. Flynn, United States Attorney, Baltimore, Md., for plaintiff.

Arthur W. Machen, Jr., Baltimore, Md., for defendant.

CHESNUT, District Judge.

The defendant's petition to vacate the sentence against him in this criminal case presents an unusual procedural situation. On May 28, 1925 the defendant in this case pleaded guilty to an indictment in six counts charging the forging of the endorsement on and the passing of three separate government checks, one for $80; another for $75; and a third for $332.78. The indictment was based on sections 148 and 151 of the Federal Penal Code [now 18 U.S.C.A. §§ 471, 472]. Judge Soper, then sitting as District Judge in this court, sentenced the defendant to 18 months' confinement at Atlanta. This sentence has long ago been completely executed.

Recently the defendant has filed a petition in this court to vacate the sentence on the alleged ground that it was unconstitutionally imposed upon him. He alleges that it is of practical importance to him to have the sentence vacated because he is presently confined under sentence as a "fourth felony" offender in the State of New York, in which latter case his conviction in this court in 1925 was adjudged to be a legal felony conviction, thereby resulting in his sentence by the New York court to imprisonment for 15 years to life as a fourth felony offender.

In support of his contention that the sentence in this court was unconstitutionally imposed, he alleges that he pleaded guilty and was sentenced on the same day that he was indicted; that he was a layman without means to employ counsel; that he had never before appeared in any court; that he was ignorant of his right to have counsel appointed; that he was not advised by the court of his right to have counsel or asked whether he wished counsel appointed and that therefore he did not waive his right to the appointment of counsel. He also asked that counsel be now appointed to represent him in support of his present petition.

Upon the filing of this petition the court passed an order for the United States Attorney for this district to show cause why the prayer of the petition should not be granted, and also appointed counsel to represent the petitioner. Thereafter the United States Attorney filed a brief answer opposing the vacation of the sentence and requesting that the petition be dismissed. Counsel for the respective parties have been heard on the petition and answer and the papers in the case have been examined, together with an exhibit filed at the hearing by the United States Attorney containing an official record from the Department of Justice, being a photostat copy of the defendant's application in July 1925 to be released from the 18 months sentence imposed in this court, on parole. It has been agreed that the hearing held shall be treated as a final hearing.

Although it is true that the defendant was indicted, pleaded guilty and was sentenced on the same day, May 28, 1925, it also appears that he was originally arrested on May 15, 1925, on a warrant issued that day by the United States Commissioner; charging forgery under Penal Code, § 148, [now 18 U.S.C.A. § 471], and after a hearing before the Commissioner bail was set for him at $1500 and the defendant committed to the Baltimore City Jail in default thereof. On May 21, 1925 the defendant was first indicted, Case No. 7629, in six counts for forging and passing the three government checks described in the later indictment. When he was arraigned on this first indictment, on May 21, 1925, he pleaded not guilty. Later this earlier indictment was nol prossed after the plea and sentence on the second indictment in Case No. 7732. It is inferable that the first indictment was not pressed and was subsequently nol prossed by reason of a misdescription of the forgery alleged.

From the official record of the defendant's application for parole, it appears that at the time that he was sentenced he was 24 years of age, was married and had three children, could read and write, had received nine years education in the public schools in his native State of Ohio, and that the degree of his mental culture was good; that his legitimate occupation was that of an automobile mechanic, and that he had served three years in the United States Army having been honorably discharged therefrom. With respect to the particular crime he stated that while employed by the United States Veterans' Hospital at Perrypoint, Maryland, as "assistant register".

his duties involved the handling of mail for patients and with respect to the three checks charged in the indictment that he "did the wrong thing and cashed them myself". He added "from the time I was first confronted with the forged checks by the Secret Service men, I readily admitted my guilt, not only to the checks I was accused of forging but a number of checks that they had no record of, and tried to assist them in every possible way. I realized only too well my wrongdoing and have learned from this bitter experience that 'honesty is the best policy'." [1]

More than 23 years have elapsed since the sentence in this case was imposed. Gen. Amos W. Woodcock, the United States Attorney, the Honorable Morris A. Soper, the District Judge (now United States Circuit Judge), and the Clerk of the Court in office in 1925 are not now in office. The present United States Attorney states that the prosecuting witness for the government is not now available and that the records of the particular case, other than the application for parole above referred to, have been destroyed or are otherwise not now available. If the judgment were vacated, presumably the United States would, theoretically at least, be entitled to have the defendant re-tried; but the lapse of time and the unavailability of the original papers and records and necessary witnesses would apparently render a new trial futile.

The defendant's present petition does not even now assert that he was not guilty of the crime to which he pleaded guilty. The papers in the case clearly show that the only possible basis for the defendant's contention lies in his statement that at the time he pleaded guilty he was not told by the court that he was entitled to have counsel.

There is nothing in the case to show that his plea of guilty was not intelligently and voluntarily entered by him, or that he was in any way urged or coerced physically or psychologically to enter the plea.

There are no memoranda endorsed by the Clerk on the papers in this case to show anything with regard to the matter of counsel. But it is my understanding from the present Clerk, who for many years heretofore had been a deputy clerk in this court, that it was not customary at that time (in 1925) for the court to affirmatively interrogate the defendant upon his arraignment with respect to whether he wished counsel appointed or not, except in very serious cases; although in any case if the defendant was without the assistance of counsel and without means to pay therefor it was customary for the court to assign counsel for him if he asked for it. It will also be remembered that at that time there were no official court stenographers or reporters and it was not customary to have any written record in the papers in the case of what orally transpired in court when a defendant pleaded guilty and was sentenced. Maryland was a so-called common law State where it had not been customary for the Judge to sign written sentences in criminal cases. The sentence by the Judge was orally pronounced and noted by the Clerk at the time and subsequently written up by the Clerk in the form of a formal commitment. Of course this practice has been changed in recent years and particularly since the decision of the Supreme Court in the case of Johnson v. Zerbst, 1937, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461, 146 A.L.R. 357, and the new Federal Rules of Criminal Procedure, 18 U.S.C.A.

After consideration of the oral arguments and the excellent briefs of counsel,

[1] Counsel for the petitioner objected to the admissibility of this record, but it was held admissible as an official record in the case, and relevant to the unusual question presented by the petition. But leave was given to the defendant to reply by affidavit to the fact stated in the written record over his signature. He has filed an affidavit in reply which, however, does not even now deny his original guilt, but only seeks to belittle the significance of his statements in his application for parole by saying that at the time he assumed his plea in court was conclusive and repeating his contention that he was not capable of lucidly determining whether his acts had constituted "the requisite elements of the indictment vital to criminal construction". The affidavit is not impressive as a denial of the voluntary nature or truthfulness of his written statement in his application for parole.

I conclude that the petition must be dismissed. While the situation presented is indeed an unusual one, and so far as I am aware heretofore unprecedented in this court, I find that at least two other quite similar cases have been considered by the Court of Appeals for the 7th and 2nd Circuits respectively where such petitions have been dismissed. United States v. Moore, 7 Cir., 166 F.2d 102, certiorari denied 334 U.S. 849, 68 S.Ct. 1500, 92 L.Ed. 1772, and United States v. Rockower, 2 Cir., 171 F. 2d 423. See also Gayes v. New York, 332 U.S. 145, 67 S.Ct. 1711, 91 L.Ed. 1962.

I pass without questioning the procedure in this case. The defendant's petition was filed before the effective date of the Revised Federal Judicial Code, 28 U.S.C.A., and was in the nature of a writ of error coram nobis. See United States v. Calp, D.C.Md., 83 F.Supp. 152; United States v. Monjar, D.C.Del., 64 F.Supp. 746, 747; United States v. Steese, 3 Cir., 144 F.2d 439, 442; Birtch v. United States, 4th Cir., 173 F.2d 316. The procedure in similar cases is now provided for by the New Judicial Code, § 2255, at least where the petitioner is still in custody under the sentence of the court.

I find no actual merit in the petition to vacate this 23-year old sentence in this court. There is nothing in the case to show or even indicate that the defendant was in any way or at any time unfairly treated in the prosecution of the case, or that he suffered any injustice in the sentence. His contention is that he was not advised that counsel would be appointed for him if requested, and his sentence is therefore void and should be now, after 23 years, vacated. It does not appear that if he had had counsel appointed at the time there could or would have been any other disposition of the case than that actually made. He not only pleaded guilty in open court when duly arraigned, but within two months thereafter in applying for release on parole he freely and circumstantially admitted his guilt and made no suggestion that his plea of guilty was otherwise than free and voluntary or that he had been handicapped in any way by immaturity or inexperience or official oppression of any kind.

The cases of United States v. Moore and United States v. Rockower, above cited, both involved petitions to vacate federal district court judgments in criminal cases which, it was said, subsequently constituted the basis for increased sentences under New York criminal statutes. In each case the basis for the vacation of the federal sentence was failure of the court to assign counsel and in each case the petition was filed 18 years after the sentence had been imposed. On their facts, therefore, both cases are substantially similar to the instant case here. In both cases it was held that the petitions must be dismissed. In the Second Circuit case, the opinion (by Circuit Judge Clark) in referring to the earlier Moore case said, 171 F.2d 425:

"The court, assuming the propriety of the remedy sought, denied it on three grounds: (1) that it must appear that a retrial would result in a different judgment from the one vacated and as a corollary there must be a showing of facts of valid defense or of a possibility of proving innocence or the like; (2) that the petitioner had too long slept upon his rights; and (3) that under Gayes v. New York, 332 U.S. 145, 67 S.Ct. 1711, 91 L.Ed. 1962, the defendant at the time of his subsequent sentence as a habitual offender had full opportunity to contest infirmities in the earlier sentences. All these grounds are directly pertinent here."

In the case of Gayes v. New York, 332 U.S. 145, 67 S.Ct. 1711, 91 L.Ed. 1962, the Supreme Court dealt with a similar situation on certiorari to a New York County Court. The appellant had petitioned the New York County Court to set aside his conviction some years before on the ground that he did not have counsel, which conviction, it was said, caused him to receive a heavier sentence in a subsequent criminal case in another New York Court. The Supreme Court, in an opinion by Mr. Justice Frankfurter, affirmed the dismissal of the petition saying, 332 U.S. at page 148, 67 S.Ct. at page 1713:

"Gayes is complaining of his sentence following his plea of guilty in 1941. What he wants is to be relieved of his imprisonment under that sentence. That sentence,

to be sure, partly took into account his earlier sentence in 1938. But upon his subsequent sentence, as a second offender, in 1941, he had full opportunity, so far as appears, to contest whatever infirmity he may have claimed in the earlier sentence when the fact of that sentence was included in the sentence which he is now serving. Since the process leading up to the second sentence is not challenged he cannot now, so far as the United States Constitution is concerned, by a flank attack, challenge the sentence of 1938." Cf. People v. McAllister, 194 Misc. 674, 87 N.Y.S.2d 643; and Bojinoff v. People, 299 N.Y. 145, 85 N.E.2d 909.

The apparent holding of the Gayes case is that the contention which the petitioner makes here now should have been made in the New York case where he was sentenced as a fourth felony offender. Whether it is still possible for the petitioner to raise this question in the New York Court cannot be decided here. But however that may be, I conclude that both by reason of the long delay and also even more importantly because the petition does not show that any injustice has been done him, the petition must be and is hereby dismissed.

The court wishes to express its appreciation for the uncompensated public assistance and professional service rendered by Mr. Arthur W. Machen, Jr., as appointed counsel for the defendant. His very excellent argument and brief have been of material assistance to the court in consideration of the case.