### FARNSWORTH v. UNITED STATES.
No. 11236.

United States Court of Appeals
District of Columbia Circuit.

Argued April 22, 1952.

Decided July 3, 1952.

onies. He contends that the judgment of conviction in 1935 is void, the court having lost jurisdiction through failure to provide counsel for appellant, who had not intelligently waived his right. As authority for the District Court to entertain the motion, appellant relied on the court's "power to grant a writ of error coram nobis", or on the provisions of 28 U.S.C.A. § 2255.

The District Court ruled that it was without jurisdiction under the statute since appellant is not now a prisoner in custody under sentence of a court of the United States. Insofar as the principles of a writ in the nature of coram nobis were concerned, the court denied appellant's motion because 1) there had been no showing that a retrial would result in a different judgment; 2) appellant had slept too long upon his rights; and 3) appellant had had full opportunity at the time of his sentencing in New York to contest the validity of his prior convictions. United States v. Moore, 7 Cir., 1948, 166 F.2d 102. We agree.

Affirmed.

---

Joseph A. Rafferty, Washington, D. C., for appellant. (Appointed by the District Court).

William E. Kirk, Jr., Asst. U. S. Atty., Washington, D. C., with whom Charles M. Irelan, U. S. Atty., Joseph M. Howard, Asst. U. S. Atty., and Grace B. Stiles, Asst. U. S. Atty., Washington, D. C., were on the brief, for appellee.

Before CLARK, WILBUR K. MILLER and WASHINGTON, Circuit Judges.

PER CURIAM.

This is an appeal from an order of the United States District Court for the District of Columbia denying appellant's motion to vacate a 1935 conviction of housebreaking and larceny. Appellant is now imprisoned in New York under a sentence by a New York court predicated in part on his having a record of prior convictions of fel-