**UNITED STATES v. McKINNEY.**

Nos. 61457, 61459, 61460, 61468, 61469, 61470, 61475.

United States District Court, District of Columbia.

July 19, 1954.

William E. Owen, of Washington, D. C., for the defendant, for the motion.

Leo A. Rover, U. S. Atty., John C. Conliff and Edward O. Fennell, Asst. U. S. Attys., of Washington, D. C., opposed.

HOLTZOFF, District Judge.

On February 15, 1938, William McKinney was sentenced by Mr. Justice O'Donoghue, now deceased, then a member of this Court, on seven indictments, each charging robbery, to consecutive terms of three to five years on each indictment, or in the aggregate, twenty-one to thirty-five years. The sentences were imposed on pleas of guilty.

Several months after these sentences were imposed,—on May 23, 1938, the Supreme Court decided Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461, in which it was held for the first time that in all criminal prosecu-

tions in the Federal courts, the right of the accused "to have the assistance of counsel for his defense", guaranteed by the Sixth Amendment to the Constitution of the United States, comprises not only the privilege to be represented by counsel retained by the defendant, but also the right to have counsel assigned by the court in the event that the defendant is financially or otherwise unable to retain counsel. This case marked a far-reaching step in the advance of human liberties. Although the question had never been previously determined, nevertheless, prior to this decision it was the general understanding that the constitutional right of counsel was limited to the privilege of being represented by an attorney retained by the defendant. As a matter of procedure many Federal courts appointed counsel for indigent defendants, but the practice on this point differed from jurisdiction to jurisdiction, in view of the fact that it was regarded as a matter of procedural choice and not as a constitutional requirement. This development affords a striking illustration of the observation of Mr. Justice Cardozo, that "The great generalities of the Constitution have a content and a significance that vary from age to age." [1]

On January 27, 1953, almost fifteen years after the imposition of the sentences, the defendant made a motion under 28 U.S.C. § 2255, to vacate them, on the ground that at the time of the original disposition of the cases he had not been accorded his constitutional right of counsel. After a hearing at which testimony was taken, this Court made a finding that the defendant was represented by counsel when he entered his pleas of guilty. Accordingly the motion was denied. On appeal, the United States Court of Appeals remanded the matter to this Court for an additional finding on the question whether the defendant was properly accorded the right of counsel when sentence was imposed, McKinney v. United States, D.C. Cir., 208 F.2d 844.

The Government concedes that the defendant was not represented by counsel at the time of imposition of sentence. The question then arises whether the presence and participation of counsel on that occasion were waived.

The Court now finds as a fact that the defendant did not waive the right of assistance of counsel at the imposition of sentence.

This finding is reached on the basis of the following state of the evidence. While the burden is on the moving party under Section 2255, to establish the alleged grounds for setting aside the judgment, nevertheless, since the absence of counsel at the time of sentence is conceded, the burden of showing that the presence of counsel had been waived is on the Government. Waiver of a constitutional right is never presumed. In order to establish such a waiver, it must be shown, first, that the defendant was aware of his rights; and second, that he intelligently and affirmatively waived them. The formal judgments in these cases do not recite the appearance of counsel at the time of sentence, but on the contrary expressly indicate that the defendant appeared in proper person. The defendant has filed an affidavit in support of this motion in which he denies that he was informed of his right of counsel, or that he was represented by counsel at the time of sentence. It may well be that his credibility is subject to attack due to possible untruthfulness or erroneous recollection of an event long past. The Court, however, can indulge in no such presumption. Although the defendant was produced in person before this Court at the hearing of this motion, no effort was made to cross-examine him or impeach his credibility, except by reference to the fact that he had the criminal record appearing upon the face of the judgments in these cases. Since there is no recital of a waiver of the right of counsel in the judgments, the latter seem to corroborate the defendant's denial of any such

1. Cardozo, "The Nature of the Judicial Process", p. 17.

waiver. Even if the burden of proof were not on the Government on this issue, the Court would, nevertheless, be constrained to find as a fact that there was no waiver of the presence of counsel at the time of imposition of sentence.

On the question whether detriment resulted from lack of representation by counsel at the time of sentence, no evidence was introduced by either side. Manifestly it is impossible to determine at this late date whether there was any detriment. The undoubted fact is that at the time of sentence, the defendant had no counsel to present any possible information or argument in mitigation of punishment.

Upon the oral argument of this motion, the Court suggested to counsel that there was lurking in this proceeding the serious and far-reaching question of law whether the ruling in Johnson v. Zerbst, supra, should have a retroactive effect, since it drastically expanded the previous understanding of the constitutional right of counsel, and since there were many persons still incarcerated under sentences imposed by Federal courts prior to May, 1938. This point does not seem to have been discussed in any reported case. Subsequently to the oral argument, the United States Attorney filed a memorandum in which he formally conceded that retroactive effect should be given to the ruling in Johnson v. Zerbst.

Accordingly, on the basis of the decision of the Court of Appeals and the above made finding of fact, the Court will grant the defendant's motion to the extent of vacating the sentences that he is now serving and thereupon bringing him before the Court for the imposition of new sentences. This is the course that the Court of Appeals has indicated should be followed if the facts are found in the defendant's favor.

Counsel may submit a proposed order, on notice to the United States Attorney, in accordance with this ruling. Before doing so, however, he should consider whether it is to the best interests of the defendant to avail himself of this ruling.

If the present sentences should be set aside and new sentences imposed, the defendant runs the risk of possibly losing a part of the benefit of the time that has already elapsed toward eligibility to parole.