Solomon McNAIR, Appellant,

v.

UNITED STATES of America, Appellee.

Nos. 13274–13290.

United States Court of Appeals District of Columbia Circuit.

Argued June 28, 1956.

Decided July 12, 1956.

---

Edgerton, Chief Judge, dissented.

Messrs. Leonard S. Hayes and John A. Shorter, Jr., Washington, D. C., for appellant.

Mr. Fred L. McIntyre, Asst. U. S. Atty., with whom Mr. Oliver Gasch, U. S. Atty., and Messrs. Lewis Carroll and Alfred Burka, Asst. U. S. Attys., were on the brief, for appellee.

Before EDGERTON, Chief Judge, and PRETTYMAN and BASTIAN, Circuit Judges.

PER CURIAM.

These are appeals from an order of the District Court denying a motion to vacate sentence, withdraw pleas of guilty, and enter a plea of not guilty.[1]

On February 14, 1938,—eighteen years ago—appellant McNair was arraigned and pleaded guilty to sixteen indictments for robbery and one indictment charging assault with intent to kill. The record does not disclose that he was represented by counsel at that time. He was sentenced four days after his arraignment. When sentence was imposed, counsel representing McNair was present, although there is nothing to show whether this counsel had been appointed by the court or, if so appointed, the time of his appointment.

McNair filed his motion to vacate sentence in 1955, more than seventeen years after he had been sentenced. In a short affidavit in support of the motion McNair said that at his arraignment he was without counsel, that he was not aware he was entitled to counsel, and that he did not waive counsel at that time. When the motion was argued the attorney representing McNair made clear that his purpose was not to secure a new trial; he said he was merely seeking to have McNair resentenced.[2]

After the District Court had ruled, denying the motion to vacate sentence, a

1. The motion was filed under 28 U.S.C. § 2255.

2. That this was the sole contention made before the District Court at the time of the hearing is made abundantly clear by the following extracts from the argument:

"The Court. I assume from the motion that there is no contention that the defendant is innocent.

"Mr. Hayes. That is correct, Your Honor. The defendant was a member of this gang. He was involved in a series of these robberies as set forth. But what I do want to call to the Court's attention is the extreme harshness of this sentence. Here is a man who has already served 20-some years in jail.

"* * * * *

"Mr. Hayes. Under my reading of the way the title is to be handled, this is

motion for rehearing was filed, accompanied by a second affidavit. In that affidavit McNair said again that he was not represented by counsel when he was arraigned, but he stated that on the morning sentence was imposed he had a conference with an attorney who was also representing one of his co-defendants in the matter. He said that during the conference he was not questioned and did not reveal any information about specific robberies in which he had participated. McNair also said his recollection was that counsel had made no statement in his behalf at the time of sentencing, but he admitted his recollection was hazy on this point. There is nothing in this affidavit about waiver of the right to counsel at the time of arraignment.

McNair relies upon the rule that an accused is entitled to the assistance of counsel at all stages of the proceedings. The Government replies that when an accused makes a collateral attack upon a judgment he undertakes the burden of showing he did not waive counsel, and that the longer the delay in launching the attack the greater the burden becomes.[3] The Supreme Court said in Johnson v. Zerbst: [4]

> "It must be remembered, however, that a judgment cannot be lightly set aside by collateral attack, even on *habeas corpus*. When collaterally attacked, the judgment of a court carries with it a presump-

tion of regularity. Where a defendant, without counsel, acquiesces in a trial resulting in his conviction and later seeks release by the extraordinary remedy of *habeas corpus*, the burden of proof rests upon him to establish that he did not competently and intelligently waive his constitutional right to assistance of counsel."

■ We agree with the Government that McNair did not meet his burden. The circumstances indicate that he fully intended to bring about a speedy disposition of the matter, that he was not unfamiliar with court procedure, that his co-defendants had counsel, and that he himself had counsel a few days after arraignment and before sentence but made no effort to revoke his pleas of guilty. He never contested his guilt. The only proof offered by McNair with respect to waiver is an unsupported, uncorroborated statement of his own.

■ What McNair really complains of is that at the time he was sentenced his counsel did not know the details of his participation in the crimes charged in the indictments. But his own affidavit indicates he had a conference with the attorney before he was sentenced. There is no statement that an adequate opportunity for consultation was not given or that his counsel was unwilling to present information to the court. Nor is there any indication that the court would have refused to allow McNair to withdraw his

---

the motion that apparently is applicable. But if Your Honor is saying it is not, I am perfectly willing to amend and ask that the defendant be resentenced. That is the purpose and the moment of my motion.

"The Court. I am going to pass upon the motion that is before the Court.

"Mr. Hayes. The reason I have drafted the motion as it is, Your Honor, is because in my opinion that is the only type of motion which can be filed under the particular section of the Code by which this matter is brought before the Court; that if the motion were a motion to set aside and merely to resentence, it would not be proper under this section, which is the only section by which this defend-

ant can now come before the Court. I submit that the resentencing is all I am attempting to do.

"  *          *          *          *          *

"The Court. The public is entitled to its rights, too, you know, and after 18 years it is impossible to try a case.

"Mr. Hayes. As I said before, Your Honor, I am not attempting to have a retrial. I merely want this man resentenced under the new, minimum term act."

3. Farnsworth v. United States, D.C.Cir., 1956, 98 U.S.App.D.C. ——, 232 F.2d 59.

4. 1938, 304 U.S. 458, 468, 58 S.Ct. 1019, 1025, 82 L.Ed. 1461.

pleas or would otherwise have failed to act favorably had additional information been presented to it.

We think the District Court properly denied the motion to vacate the sentence.

Affirmed.

EDGERTON, Chief Judge (dissenting).

Appellant's motion was entitled "Motion to vacate sentence, withdraw pleas of guilty and to enter plea of not guilty". It stated that the defendant "moves this court, pursuant to Title 28, section 2255 of the United States Code to vacate sentences imposed on defendant in the above-numbered criminal cases, and to grant an order permitting defendant to withdraw his pleas of guilty in the aforesaid criminal cases and enter pleas of not guilty in accordance with Rule 11 of the Federal Rules of Criminal Procedure [18 U.S.C.A.]. Defendant urges as grounds for the motion stated above, that (1) defendant was without the 'assistance of counsel for his defense' at the time he entered his pleas of guilty * * *." Counsel said in court: "Your Honor, this comes before you on motion to vacate the sentence, withdraw the pleas of guilty and enter pleas of not guilty * * *. It is the contention of the defendant that at the time of arraignment he was not represented by counsel."

In a colloquy with the court, counsel said he was asking only to have McNair resentenced. But the court was not misled as to the nature of the defendant's motion. The court said: "This is a motion by the defendant, who was incarcerated in the penitentiary, to vacate the sentences imposed on him and for leave to withdraw the pleas of guilty pursuant to which the sentences were imposed, and to enter pleas of not guilty." If, as I think, the defendant is entitled to the relief for which he asked in his motion, I think his constitutional right should not be denied because of his counsel's oral statement. As the Supreme Court said in Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461: " 'courts indulge every reasonable pre-sumption against waiver' of fundamental constitutional rights * * *." This should be particularly true where long sentences are involved. This case involves 17 consecutive terms of 3 to 4 years each.

In the affidavit filed with his motion, the defendant "says he was not advised by the court that he was entitled to the assistance of counsel at time of arraignment. Affiant also says that he was 24 years of age at time he entered pleas of guilty, that he had a 9th grade education and that he was not aware of his right to counsel at time of arraignment, nor did he waive his right to be assisted by counsel at said time." If he was not aware of his right to counsel, he did not and could not intelligently waive the right. The probability that he was not aware of it is great. In February 1938, when the defendant was arraigned, many lawyers were not aware that a defendant who is without counsel is entitled to have counsel appointed by the court. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461, was not decided until three months later.

In its opposition to appellant's motion the government says: "Information received from individuals familiar with the Court procedure in 1938 prior to the decision in Zerbst v. Johnson, including Mr. Allen Krouse, who prosecuted the instant matter discloses the following: On arraignment days the prisoners would be taken into the Court room and the Clerk would call off their names, advise them as to what they were charged with and asked [sic] whether or not they desired to waive the reading of the indictment and how they pleaded. The Judge presiding would not take a plea of guilty until he was satisfied that defendant knew what he was charged with. If there was hesitancy on the part of a defendant the Judge would question the defendant to satisfy himself the defendant understood the nature of the proceeding and his rights. On many occasions, the Judge would refuse to take a plea of guilty and direct the clerk to enter a plea of not guilty, or he would accept the plea

subject to its later withdrawal upon the advice of counsel who would be appointed to be present at the time of sentencing." This does not suggest that the defendant was informed, when he was arraigned, of his right to have counsel. It suggests the contrary.

The record contains nothing that contradicts the crucial statements in appellant's affidavit. In this state of the record I think his sworn statement is sufficient to discharge his burden of showing he did not waive his right to counsel. Farnsworth v. United States, 98 U.S. App.D.C. ——, 232 F.2d 59, is directly in point. As we said in that case, "where the fundamental constitutional right has been denied, an accused should not be precluded from relief because he cannot satisfy a court that he had good cause for any delay in seeking it. 'To permit a defense of laches to the writ would, in effect, denude it of one of its essential characteristics—the power to hurdle a time factor.'" 98 U.S.App.D.C. at page ——, 232 F.2d at page 63.