**UNITED STATES of America,
Appellee,**
v.
**Samuel ROTH, Appellant.
No. 47, Docket 25926.**

United States Court of Appeals
Second Circuit.

Argued Oct. 5, 1960.

Decided Nov. 23, 1960.

See also 255 F.2d 440.

Samuel Roth, pro se.

Alfred Donati, Jr., Asst. U. S. Atty., Brooklyn, N. Y. (S. Hazard Gillespie, Jr., U. S. Atty., and David Klingsberg, Asst. U. S. Atty., S.D.N.Y., New York City, on the brief), for appellee.

Before HINCKS, WATERMAN and MOORE, Circuit Judges.

PER CURIAM.

Roth's conviction for mailing obscene matter was affirmed by us, 237 F.2d 796, and by the Supreme Court, 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498. Thereafter he brought a "motion for a new trial on evidence of the corruption of the trial process by which the defendant was found guilty and sentenced." The district court treated this as a motion for release under 28 U.S.C. § 2255, and denied it without a hearing, finding Roth's claims "futile and groundless."

■ We do not reach the merits because pending appeal Roth has been unconditionally released from prison having completed service of his sentence and paid the fine imposed. Section 2255 is not available when the prisoner is no longer in custody. See the opinion of Mr. Justice Stewart, writing for a majority of the Court on this point, in Heflin v. United States, 358 U.S. 415, 420, 79 S.Ct. 451, 3 L.Ed.2d 407.

■■ We do not overlook the fact that in a proper case a motion under § 2255 may be treated as a motion in the nature of an application for a writ of coram nobis, which, under United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248, may be available even though the applicant is no longer in custody. But in Morgan, as in Farnsworth v. United States, 98 U.S.App.D.C. 59, 232 F.2d 59, 62 A.L.R.2d 423, another case in which coram nobis was granted when the prisoner was no longer in custody under the allegedly unlawful conviction, the movant had since been convicted of a subsequent crime, which carried a heavier sentence because of the earlier conviction. This not being the case here, and no showing having been made that the existence of the conviction affects Roth's present legal rights, we think that this case is not an appropriate one for a writ of coram nobis. Cf. Parker v. Ellis, 362 U.S. 574, 80 S.Ct. 909, 4 L.Ed.2d 963.

"We are of opinion that the case is moot because, after petitioner's service of his sentence and its expiration, there was no longer a subject matter on which the judgment of this Court could operate. A federal court is without power to decide moot questions * * * which cannot affect the rights of the litigants in the case before it * * * [T]he moral stigma of a judgment which no longer affects legal rights does not present a case or controversy for appellate review." St. Pierre v. United States, 319 U.S. 41, 42–43, 63 S.Ct. 910, 911, 87 L.Ed. 1199.

Appeal dismissed.