The UNITED STATES of America
v.
Burr S. CAMERON.
Civ. A. No. 9110.

United States District Court
N. D. Texas.
Dallas Division.
May 17, 1962.

**916**

John E. V. Jasper, Curtis E. Hill, Dallas, Tex., for petitioner, Burr S. Cameron.

Barefoot Sanders, U. S. Atty., B. H. Timmins, Jr., Asst. U. S. Atty., for respondent, United States of America.

HUGHES, District Judge.

In this case petitioner, Burr S. Cameron, filed a petition for writ of error coram nobis to set aside a judgment of conviction on the ground that he had been deprived of his constitutional right to counsel.

On February 18, 1936, upon his plea of guilty to an indictment charging conspiracy to devise a mail fraud scheme a judgment of conviction was entered against petitioner in the United States District Court for the Northern District of Texas. The sentencing portion of the commitment provided for a 30 day jail sentence and a penitentiary sentence of a year and a day, which was probated as to the year and a day. No appeal or other corrective procedure was taken, except to request a pardon, which was denied, until the filing of this petition. Petitioner served the jail sentence imposed and on March 27, 1937 an order was entered releasing him from probation.

On March 30, 1962, petitioner filed this petition for writ of error coram nobis to set aside the judgment on the ground that in the proceedings leading to the conviction he had been deprived of his constitutional right to counsel.

Petitioner was born in Texas and has been a citizen and resident of the State all his life. He was granted a license to practice law by the Supreme Court of Texas in 1922, and was actively practicing law at the time of his indictment and conviction for the offense of conspiracy to devise a mail fraud scheme.

While the proceedings leading up to the conviction were not transcribed and the Clerk's records are completely silent as to whether the defendant was at that time represented by counsel the evidence adduced at the hearing on the petition was to the effect that petitioner was not represented by counsel of his own choosing and was not asked by the Court if he desired to have counsel appointed for him.

■ A proceeding to test the validity of a prior conviction by application for writ of coram nobis is properly brought in this Court. Such procedure was approved by the Supreme Court in United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed 248.

■■ The contention of the government that the petition should be dismissed for laches, twenty six years having elapsed since the conviction, is without merit. The right to counsel is a constitutional right guaranteed by the Sixth amendment and if that right has been abridged an "essential prerequisite" to the conviction is lacking, Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461, and it should be set aside.

In the case of United States v. Morgan, 2 Cir., 222 F.2d 673 in which a prior conviction was attacked the Court held that "passage of many years does not cure a

void conviction". The later case of Farnsworth v. United States, 98 U.S. App.D.C. 59, 232 F.2d 59, 62 A.L.R.2d 423, likewise holds that "where the fundamental constitutional right has been denied, an accused should not be precluded from relief because he cannot satisfy a court that he had good cause for any delay in seeking it."

■ While the right to counsel is a constitutional right it may be waived if it is done "competently and intelligently" Johnson v. Zerbst, supra. The government contends in this case that the right was waived.

■ At the time of arraignment petitioner was represented by an attorney of his own choosing and had entered a plea of not guilty. Later, petitioner having paid only $150.00 of a $500.00 fee, the attorney refused to represent him further. The day the case was called, the Court asked petitioner how he wanted to plead and after some hesitation he pleaded guilty. There is no allegation in the petition for writ of coram nobis that he did not know of his right to have counsel appointed for him. In fact at the hearing the following questions were asked by the assistant district attorney and answers given by petitioner:

Q. "Now, since you yourself were a lawyer, Mr. Cameron, and since you had earlier been represented by counsel, I'll ask you whether or not at the time you were arraigned, you were aware of your right to counsel."

A. "Oh yes."

Q. "You were * * * on the day Judge Atwell sentenced you, you knew that you were entitled to have counsel."

A. "Oh sure."

A similiar situation was presented in the case of Proffer v. United States, 288 F.2d 182 decided by the United States Court of Appeals, Fifth Circuit and its decision is binding on this Court.

In that case the Fifth Circuit held that the trial court had a right to assume that a defendant had waived his right to counsel where he was a lawyer and went to trial without asking for counsel.

In that connection the Court said that they found themselves in agreement with the Ninth Circuit in the case of O'Keith v. Johnston, 129 F.2d 889 when it said, "To inform (the defendant) of the existence of a right which he knew and had intelligently waived would have been a useless act. Its performance was not required by the Constitution. Its omission did not deprive the court of jurisdiction."

"Of course," the Fifth Circuit Court added, "in order for this language to be apposite, we must assume that Adkison knew of his constitutional right. This we think we should do, because he was a lawyer and because on the record before us he has not even denied that he had such knowledge."

In the present proceeding the record presents an even stronger case of waiver in that it affirmatively shows a knowledge of his right to counsel.

Discussing further the question of waiver by a defendant who is a lawyer, the Court of Appeals for the Fifth Circuit said:

"The very cases in which the Supreme Court finds it a constitutional violation to deprive an accused of the right to counsel make evident the great importance that is attached to the legal knowledge and skill of a lawyer. When we are called upon to inquire into a post-conviction charge that an accused has been deprived of the effective aid of counsel, we rarely ever inquire into the skill or ability or degree of learning of a lawyer if it appears that the accused was actually represented by counsel. See Floyd v. United States, 5 Cir., 260 F.2d 910, 912; Kennedy v. United States, 5 Cir., 259 F. 2d 883. Necessarily, unless the most extraordinary circumstances are shown, the courts charge the defendant with the actions of his counsel. See Thomas v. United States, 5 Cir., 287 F.2d 527. Since we would hold an accused to be bound by Adkison's actions and judgment as a lawyer if he had been appointed or chosen to represent a defendant,

we think it not too much to assume, as knew the rights of a criminal defendant the trial court here did, that Adkison under the Constitution."

The application to declare the judgment of February 18, 1936 void is denied.