**Arturo POLANCO, Petitioner,**

v.

**UNITED STATES of America,
Respondent.**

No. 89 Civ. 2958 (MJL).

United States District Court,
S.D. New York.

Oct. 16, 1992.

**930**

Arturo Polanco, pro se.

Calle Satuarado, Santo Domingo, Dominican Republic, for petitioner.

Otto G. Obermaier, U.S. Atty. S.D.N.Y., New York City by Geoffrey S. Berman, Asst. U.S. Atty., for U.S.

## OPINION AND ORDER

LOWE, District Judge.

Before this Court is the *pro se* petition of Arturo Polanco ("petitioner"), brought pursuant to 28 U.S.C. § 2255 (habeas corpus), requesting that this Court vacate the sentence imposed upon him on December 1, 1986. For the reasons set forth below, the motion is denied and the petition is dismissed in its entirety.

## BACKGROUND

On January 17, 1986, petitioner Polanco pleaded guilty before this Court to a charge of conspiracy to distribute and possess cocaine in violation of 21 U.S.C. § 846. Petitioner was sentenced to a five-year term of imprisonment. *United States v. Polanco*, 84 Cr. 827 (MJL). He was released from federal custody on July 19, 1989. *See* Order of July 5, 1990.

Petitioner contends that his plea and sentence should be vacated. He alleges that his counsel, or alternatively the Court, should have informed him of the possibility of deportation pursuant to 8 U.S.C. § 1251(a)(2)(B) (formerly § 1251(a)(11)) following a conviction of a violation relating to controlled substances. Petitioner asserts that he would not have pleaded guilty

had he been fully informed of the potential ramifications of a conviction. *See* Petitioner's Motion, Pursuant to Section 2255 of Title 28, United States Code in the United States District for the Southern District of New York Attacking a Sentence and Plea Imposed by That Court (hereinafter "Petitioner's Motion") at ¶¶ 7, 8, 17.[1]

## DISCUSSION

### I. *28 U.S.C. § 2255*

Petitioner's term of sentence was completed at the time of this application. Habeas corpus relief under § 2255 requires that applicant be a "prisoner in custody." 28 U.S.C. § 2255 (1982). The case at hand therefore involves a petition not properly brought. For these reasons, petitioner's motion may be dismissed as moot without ever reaching the merits of his argument. *See, e.g., United States v. Roth*, 283 F.2d 765 (2d Cir.1960). However, a motion under § 2255, although not properly brought, may be treated as an application for a writ of error *coram nobis* if justice would be had by doing so. *See United States v. Morgan*, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954). Petitioner fears continued ramifications—namely deportation—as a result of his conviction. Because of this, petitioner shall be permitted an opportunity to show that his conviction was invalid.

The Court will treat the present application as seeking a writ of error *coram nobis*. The Supreme Court in *Morgan* termed such a writ an "extraordinary remedy." *Id.* at 511, 74 S.Ct. at 252. "It is presumed the [prior] proceedings were correct and the burden rests on the accused to show otherwise." *Id.* at 512, 74 S.Ct. at 253. Petitioner must meet a heavy burden in showing that his sentence should be vacated.

### II. *Claim of Ineffective Assistance of Counsel*

Petitioner first contends that counsel erred in not warning him of the

---

**1.** Petitioner submitted a prior § 2255 petition which was dismissed by this Court's Order of July 5, 1990. Nevertheless, in light of *United States v. Sorenson*, 308 F.Supp. 1268 (E.D.N.Y. 1970), we will consider the present petition.

*Sorenson* held that subsequent § 2255 applications shall be considered if there has not been adjudication on the merits of the grounds presented in those applications. *Id.* at 1271.

possibility of deportation following conviction. For these reasons, he claims that counsel was ineffective. When asserting that assistance of counsel has been ineffective, a defendant must meet the two-part test of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under that test, a criminal defendant must first show that counsel's performance was deficient to the extent of falling below an objective standard of reasonableness. There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689, 104 S.Ct. at 2065.

 Second, defendant must show that the deficient performance was so prejudicial as to have deprived defendant of a fair trial with reliable results. "Defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. at 2068. Again, the Court should presume that the prior proceeding was conducted according to law. *Id.* Courts hearing claims of ineffectiveness must consider the totality of the evidence before the judge or jury. *Id.* at 695, 104 S.Ct. at 2068.

 This two-part test applies to challenges to guilty pleas based on ineffective assistance of counsel. *Hill v. Lockhart,* 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). In applying this two-part test to prior guilty pleas, a defendant must show: (a) that counsel's representation fell below an objective standard of reasonableness, and (b) that there is a reasonable probability that, but for counsel's errors, defendant would not have pleaded guilty and would have insisted on going to trial. *Id.* at 58–59, 106 S.Ct. at 369–370.

 Petitioner alleges that he would not have pleaded guilty had he been informed of the possibility of deportation. Petitioner's Motion at ¶ 17. Whether this is adequate to satisfy the second part of the *Strickland/Hill* two-part test need not be examined as petitioner has failed to satisfy the first part of that test. Petitioner does not claim an affirmative misrepresentation occurred on the part of his coun-

sel. Petitioner does not show any unreasonable behavior by counsel in conjunction with the contested proceedings. There is no evidence that counsel acted any way other than reasonably in advising petitioner with regards to the scope of these criminal proceedings. This Court holds that as a matter of law the failure to warn a criminal defendant of possible deportation following a guilty plea does not render legal assistance ineffective. *See United States v. Santelises,* 509 F.2d 703 (2d Cir.1975).

The material facts of this case closely follow those in *Santelises.* There defendant prayed that his guilty plea be set aside on the ground that he was not informed by his counsel that such might subject him to deportation—a collateral consequence of the plea. The Court of Appeals held that failure to be told of such collateral consequences amounts to neither ineffective assistance of counsel nor an involuntarily rendered plea. *Id.* at 704; *See also United States v. Del Rosario,* 902 F.2d 55 (D.C.Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 352, 112 L.Ed.2d 316 (1990) (holding deportation to be a collateral consequence of a guilty plea, and listing loss of civil service employment, the right to vote and to travel freely abroad, the right to a driver's license, and the right to possess firearms as other examples of potential collateral consequences). Having entertained and disposed of the merits of petitioner's first claim, the Court now addresses his second.

III. *Claim that Court Should Warn of Collateral Consequences*

 Petitioner next contends that the Court, as an alternative to counsel, should have warned him of the possibility of deportation. Rule 11 of the Federal Rules of Criminal Procedure governs the responsibility of a judge to those before the court who plead guilty. Fed.R.Crim.P. 11. In *Michel v. United States,* 507 F.2d 461 (2d Cir.1974), the Court of Appeals held that Rule 11 does not require judges to be bound to inquire whether defendants understand the collateral consequences of their pleas. Failure to inform defendants

of these consequences does not render their pleas invalid. *Id.* at 465. "The district judge ... has the obligation to ascertain that the consequences of the sentence *he* imposes are understood. Deportation ... was not the sentence of the court which accepted the plea but of another agency over which the trial judge has no control and for which he has no responsibility." *Id.*

*Michel,* as does the instant case, deals with one who pleads guilty without knowing of the possibility of deportation. Here, as there, to require a judge to inform a defendant of the "multifarious peripheral contingencies" which may result from that plea "has not been required in our jurisprudence, constitutionally or otherwise." *Id.* at 466. Deportation is a peripheral consequence, not a punishment imposed by the trial judge. As such, the Court was under *no duty to warn* the petitioner of the likelihood of deportation.

### CONCLUSION

For the reasons set forth above, petitioner's application for habeas corpus relief under 28 U.S.C. § 2255, and in the alternative a writ of error *coram nobis,* is denied, and the petition is dismissed in its entirety.

It is SO ORDERED.